UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELINDIA JACKSON,

        Plaintiff,        Case No. 1:15-cv-561

v.        Hon. Robert J. Jonker

UNITED STATES DEPARTMENT
OF AGRICULTURE,

        Defendant.
_____/

### REPORT AND RECOMMENDATION

This is a civil action brought by a *pro se* plaintiff, who was allowed to file the present action *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* Order (docket no. 6). This matter is now before the Court on defendant's combined "Motion to dismiss, motion for summary judgment or for more definite statement" (docket no. 10) and plaintiff's "Motion Request reconsideration for dismissal and Plaintiff ask for a Judgement to be entered for Plaintiff" (docket no. 13).

    **I.**    **Discussion**

Defendant's combined motion asks for dismissal, summary judgment and in the alternative a more definite statement. At this juncture, the Court will limit its review to defendant's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where

1

a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' " *Id.* at 677-78. While the pleading standard Rule 8 announces does not require detailed factual allegations, "it demands more than an unadorned, the - defendant - unlawfully - harmed - me accusation." *Id.* at 678.

Here, plaintiff filed an uninformative complaint which she entitled "Toll of Statue [sic] of Limitation" and which stated (in her words):

> I'm filing under a Toll Statue of Limitation. First I had two complaints the first was with a law firm that the class action was dismiss. That one is under Punitive Plaintiffs for gender discrimination. When that Class was dismissed I have a tracking number and believe that this process was defective and not handle properly. I don't know if this is the right statue and understand at this late notice no one understood the whole process. I'm looking at Statue 31 § 3702 Then later I learned that the Hispanic women and rancher Farmer. I was denied an application to attempt to get a farm loan. This is and was gender discrimination. I had sent everything in a timely manner. I believe this was handle wrong and defective.

Compl. (docket no. 1, PageID.2). Plaintiff's proposed resolution is to pay her $100,000.00 for gender discrimination. *Id.* While plaintiff's complaint refers to 31 U.S.C. § 3702, a statute which governs the authority of certain government officials to settle claims against the United States, this statute does not appear relevant to plaintiff's claim for gender discrimination.

Plaintiff's complaint does not set forth any basis for relief from this Court. In its motion to dismiss, defendant suggested that plaintiff's complaint could be related to a claim which plaintiff submitted in the "USDA Hispanic Women Farmers and Ranchers Claims Resolution Process." Defendant provided a copy of the claim determination form, which stated that plaintiff's

claim was denied on May 15, 2015 because plaintiff either "failed to provide sufficient documentation" or the documentation that plaintiff provided "was not sufficient to meet the requirements" under the claim resolution framework. *See* Claim Determination Form (docket no. 11-3). In response to defendant's dispositive motion, plaintiff filed a one-paragraph "motion" which did not address the specific nature of her claim, but simply asserted in conclusory fashion that there was a "Breach of Framework," there was an unfair process, and that the Court should enter judgment in her favor for $50,000.00 for gender discrimination related to farm loans in 1999 and 2004. *See* Plaintiff's Motion/Response (docket no. 13). While it is possible that plaintiff may be contesting the May 15, 2015 denial of her claim, her complaint does not include any allegations to support such a claim. Rather, her complaint is nothing more than an "unadorned, the - defendant - unlawfully - harmed - me accusation" which is insufficient to state a cause of action. *See Iqbal*, 556 U.S. at 678.

      Plaintiff's cryptic complaint is similar to other complaints which she has filed in this Court. Since 2012, plaintiff has filed a series of *pro se* actions based upon short complaints seeking large sums of money (ranging from $100,000.00 to $1,000,000.00) for a variety of claims against defendants including a corporation, a mortgage company, insurance companies and the Postmaster General. Eight of these lawsuits have been dismissed.[1] In dismissing one of her lawsuits, the Court

---

[1] *See Melindia Jackson v. Costco Wholesale Corporation*, 1:12-cv-1412 (W.D. Mich.) (dismissed June 6, 2013) (seeking $200,000.00 for discrimination); *Melindia Jackson v. IDS Property and Casualty Insurance Co.*, 1:13-cv-1098 (W.D. Mich.) (dismissed June 3, 2014) (seeking $500,000.00 for discrimination based on disability, race and sex); *Melindia Jackson v. Member Select Insurance Group*, No. 1:14-cv-229 (W.D. Mich.) (dismissed May 29, 2014) (seeking $1,000,000.00 for discrimination, retaliation and harassment); *Melindia Jackson v. IDS Property and Casualty Insurance Co.*, No. 1:14-cv-524 (W.D. Mich.) (seeking $500,000.00 for denying medical care and $470,000.00 for retaliation and deprivation of services) (dismissed June 16, 2014); *Melindia Jackson v. Wells Fargo Home Mortgage*, 1:14-cv-529 (W.D. Mich.) (seeking $800,000.00 for loss of her house and destruction of her credit) (dismissed July 10, 2014); *Melindia Jackson v. United States Postmaster General*, No. 1:15-cv-3 (W.D. Mich.) (seeking $100,000.00 for slip and fall at post office) (dismissed May 1, 2015); *Melindia Jackson v. United States Postmaster General*, No. 1:15-cv-325 (W.D. Mich.) (seeking $500,000.00 for fraud, slander and harassment by post office employees)

made an observation which is equally applicable to plaintiff's complaint in this case:

> [W]hile the Court must liberally construe Jackson's complaint, it is not required to "conjure up unpled allegations," *Dietz v. Sanders*, 100 F. App'x 334, 338 (6th Cir. 2004), or "invent factual scenarios that cannot be reasonably inferred from the pleadings." *Hu v. Diotte*, No. 93-1654, 1995 WL 231844 at *1 (7th Cir. Apr. 19, 1995).

*Melindia Jackson v. Costco Wholesale Corporation*, 1:12-cv-1412 (W.D. Mich.) (Opinion) (docket no. 11, PageID.38).

Accordingly, defendant's motion to dismiss should be granted. Finally, it appears to the undersigned that plaintiff has a history of abusing the judicial process by filing meritless complaints in this Court. For that reason, the undersigned recommends that plaintiff be designated as a Restricted Filer to curb her abuse of the judicial process.

## II. RECOMMENDATION

For these reasons, I respectfully recommend that defendant's motion to dismiss (docket no. 10) be **GRANTED**, that plaintiff's motion for relief (docket no. 13) be **DENIED** and that plaintiff's complaint be **DISMISSED**.

I further recommend that plaintiff be designated as a Restricted Filer in this Court.

Dated: January 29, 2016           /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge

---

(dismissed May 19, 2015). The Sixth Circuit denied granting plaintiff's request to proceed *in forma pauperis* in her most recent appeals, which that court referred to as frivolous. *See Melinda Jackson v. United States Postmaster General*, No. 15-1578/1632 (6th Cir. Nov. 25, 2015). A copy of the Sixth Circuit's Order appears as docket no. 24 in *Melindia Jackson v. United States Postmaster General*, No. 1:15-cv-325.

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).